B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Fairview Village** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all)<br>**36-3632068** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**200 Village Drive**<br>**Downers Grove, IL**<br>ZIP Code **60516** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**DuPage** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ■ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other<br>**Tax-Exempt Entity**<br>(Check box, if applicable)<br>■ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br><br>**Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."<br>■ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter)*.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors
| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ■ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ■ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ■ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1)(4/10)            Page 2

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **Fairview Village** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed: **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: **See Attachment** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). <br><br> X_____ <br>     Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

■    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

      _____
      (Name of landlord that obtained judgment)

      _____
      (Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)             **Page 3**

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Fairview Village** |
|---|---|

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Debtor

**X** _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

### Signature of Attorney*

**X  /s/ George R. Mesires**
Signature of Attorney for Debtor(s)

**George R. Mesires 6276952**
Printed Name of Attorney for Debtor(s)

**Ungaretti & Harris LLP**
Firm Name

**70 W. Madison Street
Suite 3500
Chicago, IL 60602**

Address

**Email: grmesires@uhlaw.com
312-977-4400  Fax: 312-977-4405**
Telephone Number

**February 4, 2011**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X  /s/ James E. Nugent**
Signature of Authorized Individual

**James E. Nugent**
Printed Name of Authorized Individual

**Chief Implementation Officer**
Title of Authorized Individual

**February 4, 2011**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

In re  **Fairview Village**                          ,    Case No.  **11-**_____
                               Debtor

# FORM 1. VOLUNTARY PETITION
## Pending Bankruptcy Cases Filed Attachment

| Name of Debtor / District | Case No. / Relationship | Date Filed / Judge |
|---|---|---|
| **Fairview Baptist Home** <br> U.S. Bankruptcy Court for the Northern District of Illinois | **11-_____** <br> **Affiliate** | **02/04/11** |
| **Fairview Ministries, Inc.** <br> U.S. Bankruptcy Court for the Northern District of Illinois | **11-04386** <br> **Affiliate** | **02/04/11** |
| **Fairview Residence of Rockford** <br> U.S. Bankruptcy Court for the Northern District of Illinois | **11-_____** <br> **Affiliate** | **02/04/11** |
| **VibrantLiving Communities & Services** <br> U.S. Bankruptcy Court for the Northern District of Illinois | **11-_____** <br> **Affiliate** | **02/04/11** |

**JOINT RESOLUTIONS OF THE BOARDS OF DIRECTORS OF
VIBRANTLIVING COMMUNITIES & SERVICES,
FAIRVIEW MINISTRIES, INC.,
FAIRVIEW VILLAGE,
FAIRVIEW BAPTIST HOME
AND
FAIRVIEW RESIDENCE OF ROCKFORD**

**ADOPTED AT A MEETING HELD ON JANUARY 13, 2011**

The boards of directors (collectively, the "Boards") of each of VibrantLiving Communities & Services, an Illinois not-for-profit corporation ("VibrantLiving"), Fairview Ministries, Inc., an Illinois not-for-profit corporation ("Fairview Ministries"), Fairview Village, an Illinois not-for-profit corporation ("Fairview Village"), Fairview Baptist Home, an Illinois not-for-profit corporation ("Fairview Center for Health & Wellness"), and Fairview Residence of Rockford, an Illinois not-for-profit corporation ("Crimson Pointe", and, together with VibrantLiving, Fairview Ministries, Fairview Village, Fairview Center for Health & Wellness and Crimson Pointe, the "Companies"), deeming it to be in the best interests of the Companies, adopted the following resolutions effective as of January 13, 2011:

WHEREAS, the Boards have reviewed and analyzed materials and advice presented by management and outside advisors of the Companies regarding the financial condition, capital structure, liquidity position, business model and projections, short term and long term prospects of the Companies and the sale, restructuring and other strategic alternatives available to the Companies, and the impact of the foregoing on the business of the Companies;

WHEREAS, the Boards have determined that it is in the best interests of the Companies, their creditors, residents, employees and other interested parties that the Authorized Representatives (as defined below) be granted authority to file a petition on behalf of the Companies seeking voluntary relief under the provisions of Chapter 11 of Title 11 of the United States Code ("Chapter 11") in the United States Bankruptcy Court for the Northern District of Illinois Eastern Division (the "Bankruptcy Court") or such other jurisdiction as advisors to the Companies may recommend (such petition for relief and all subsequent filings, the "Chapter 11 Case");

WHEREAS, the Boards have reviewed, considered and received the recommendations of professionals and advisors to the Companies as to the prospects and options for successfully restructuring their obligations through the Chapter 11 Case;

NOW THEREFORE, IT IS HEREBY:

RESOLVED, that in the judgment of the Boards it is desirable and in the best interests of the Companies, their creditors, residents, employees and other interested parties that a petition be filed by the Companies in the Bankruptcy Court seeking relief under the provisions of Chapter 11, in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby;

1853291

FURTHER RESOLVED, that each of Rodney C. Dahlin, Bruce V. Erickson, Richard W. Olson and James E. Nugent, be appointed by each Board as an authorized signatory (each, an "Authorized Signatory") in connection with the Chapter 11 Case authorized herein;

FURTHER RESOLVED, that each Authorized Signatory and each officer of the Companies, together with any other person or persons hereafter designated by the Boards or any one of such persons (each, an "Authorized Representative" and collectively, the "Authorized Representatives"), be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, on behalf of the Companies, to execute and verify a petition for relief under Chapter 11 and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Representative executing said petition on behalf of the Companies shall determine;

FURTHER RESOLVED, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, directed and empowered, on behalf of and in the name of the Companies, to execute and/or file, or cause to be executed and/or filed (or to direct others to do so on their behalf as provided herein) all necessary documents including, but not limited to, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and to take any and all other related action, that they or any of them, after consultation with another Authorized Representative, deem reasonably necessary, appropriate or advisable in connection with the Chapter 11 Case, including any and all action necessary, appropriate or advisable in connection with (a) obtaining debtor-in-possession financing of up to $15 million to provide financing to allow repayment of various resident refunds as well as operating and restructuring costs, (b) negotiating the sale of certain of or all or substantially all of the assets of the Companies, including under one or more stalking-horse asset purchase agreements, and/or (c) negotiating any other refinancing, restructuring or a plan of reorganization and, subject to further approval of the Boards, entering into a plan of reorganization;

FURTHER RESOLVED, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized and empowered, in the name and on behalf of the Companies, to negotiate, execute, deliver, and perform, as debtors and debtors-in-possession, any documents, agreements, guaranties, instruments, financing statements, undertakings and certificates necessary or appropriate to facilitate the actions and transactions contemplated by the foregoing resolution including, but not limited to, any asset purchase agreement, credit agreement, pledge agreement, security agreement, promissory note, letter of credit application, mortgage, or other instrument, containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate, and any modifications or supplements thereto, all such materials to be in the form approved by such Authorized Representatives, the execution and delivery thereof to be conclusive evidence of such approval;

FURTHER RESOLVED, that the firm of Mesirow Interim Management, LLC ("Mesirow") be, and hereby is, employed as a restructuring advisor for the Companies in connection with the Chapter 11 Case and any other related matters in connection therewith on such terms as any Authorized Representative shall approve;

1853291

2

FURTHER RESOLVED, that the law firm of Ungaretti & Harris LLP ("Ungaretti & Harris") be, and hereby is, employed under a general retainer as attorneys for the Companies in the Chapter 11 Case;

FURTHER RESOLVED, that the firm of Garden City Group, Inc. ("GCG") be, and hereby is, employed as an administration services provider for the Companies in connection with the Chapter 11 Case and any other related matters in connection therewith on such terms as any Authorized Representative shall approve;

FURTHER RESOLVED, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized and directed to employ such further individuals or firms as professionals or consultants (any such further individuals or firms, together with Mesirow, Ungaretti & Harris and GCG, the "Professionals") to the Companies as are deemed necessary to represent or assist the Companies in carrying out their duties under Chapter 11, and in connection therewith, the Authorized Representatives are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate applicable for authority to retain the services of such Professionals;

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Representative to seek relief on behalf of the Companies under Chapter 11, or in connection with the Chapter 11 Case, or any matter related thereto, including in connection with the debtor-in-possession financing or any proposed sale or sale of assets of the Companies, be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Companies;

FURTHER RESOLVED, that any person dealing with any Authorized Representative in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Representative and by his or her execution of any instrument, certificate, notice or document, the same shall be a valid and binding obligation of the members of the Companies, where and as applicable, enforceable in accordance with its terms;

FURTHER RESOLVED, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized and directed, for and on behalf of the Companies, to pay all necessary and reasonable fees and expenses incurred in connection with the actions authorized by these resolutions;

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Representatives, the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized and directed to take or cause to be taken all such further actions, to execute and deliver or cause to be executed and delivered all such further certificates, agreements, instruments and documents in the name and on behalf of the Companies and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable in order to carry out fully the intent and purposes of each and any of the foregoing resolutions; and

1853291

3

FURTHER RESOLVED, that any actions taken by such Authorized Representatives heretofore or hereafter with respect to the matters contemplated by the foregoing resolutions are hereby ratified, confirmed and approved in all respects.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-_____ |
| | ) | |
| FAIRVIEW MINISTRIES, INC., *et al.*,[1] | ) | Hon. _____ |
| | ) | Chapter 11 |
| Debtors. | ) | Joint Administration Pending |

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING 20 LARGEST UNSECURED CLAIMS**

    Following is the list of the debtor's creditors holding the 20 largest unsecured claims on a consolidated basis. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims.[2]

    Without admitting that health information privacy laws apply to their business operations or to these chapter 11 bankruptcy cases, the Debtors have given aliases to and withheld the addresses of certain former resident refund claimants to comply with health information privacy laws that may be applicable to those individuals in these cases. The identities of and contact information for these creditors may be revealed as necessary to state and/or federal regulators and other appropriate parties in interest who may be legally entitled to receive such information.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Fairview Ministries, Inc. (2067), Fairview Village (2068), Fairview Baptist Home, d/b/a Fairview Center for Health & Wellness (9812), Fairview Residence of Rockford, d/b/a Crimson Pointe (8394) and VibrantLiving Communities & Services (1604).

[2] The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. All claims are subject to customary offsets, rebates, discounts, reconciliations, credits, and adjustments, which are not reflected on this schedule.

| *(1)* *Name of creditor and complete mailing address, including zip code* | *(2)* *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *(3)* *Nature of claim (trade debt, bank loan, government contract, etc.)* | *(4)* *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *(5)* *Estimated amount of claim as of January 28, 2011 (if secured also state value of security)* |
|---|---|---|---|---|
| Alliance Rehab, Inc.<br>1520 Kensington Rd.<br>Suite 110<br>Oak Brook, IL 60523 | Alliance Rehab, Inc.<br>1520 Kensington Rd.<br>Suite 110<br>Oak Brook, IL 60523<br>Attn: Kasia Radzk<br>Telephone: 630-413-5925<br>Facsimile: 630-413-5803 | Trade Debt | | $346, 085 |
| Former Resident Refund Claimant # 1002544 | Address Withheld | Refund Claim | | $268,550 |
| Former Resident Refund Claimant # 1002549 | Address Withheld | Refund Claim | | $182, 300 |
| Former Resident Refund Claimant # 1002390 | Robert A. McNees & Associates c/o Robert McNees<br>195 Hiawatha Drive<br>Carol Stream, IL 60188 | Refund Claim | | $172, 772 |
| Former Resident Refund Claimant # 1002396 | Address Withheld | Refund Claim | Subject to setoff | $172, 000 |
| Former Resident Refund Claimant # 1002553 | Address Withheld | Refund Claim | Subject to setoff | $153,750 |
| Former Resident Refund Claimant # 1002561 | Address Withheld | Refund Claim | | $152, 220 |
| Former Resident Refund Claimant # 1002568 | Address Withheld | Refund Claim | Subject to setoff | $149,500 |
| Alliance Pharmacy Services<br>1520 Kensington Road<br>Suite 105<br>Oak Brook, IL 60523 | Alliance Pharmacy Services<br>1520 Kensington Road<br>Suite 105<br>Oak Brook, IL 60523<br>Attn: Kristine Davis<br>Telephone: 630-981-8000<br>Facsimile: 630-981-8192 | Trade Debt | | $145,402 |
| Former Resident Refund Claimant # 1002554 | Address Withheld | Refund Claim | Subject to setoff | $143,100 |
| Former Resident Refund Claimant # 1002550 | Address Withheld | Refund Claim | | $132,900 |

2

| *(1)* *Name of creditor and complete mailing address, including zip code* | *(2)* *Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted* | *(3)* *Nature of claim (trade debt, bank loan, government contract, etc.)* | *(4)* *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *(5)* *Estimated amount of claim as of January 28, 2011 (if secured also state value of security)* |
|---|---|---|---|---|
| Former Resident Refund Claimant # 1002529 | Address Withheld | Refund Claim | | $132,900 |
| Former Resident Refund Claimant # 1002566 | Address Withheld | Refund Claim | Subject to setoff | $132,500 |
| Former Resident Refund Claimant # 1002572 | Address Withheld | Refund Claim | | $129,500 |
| Former Resident Refund Claimant # 1002394 | Borla, North & Associates c/o Robert Borla 6912 South Main Street Suite 200 Downers Grove, IL 60516 Telephone: 630-969-3903 Facsimile: 630-969-3931 | Refund Claim | | $117,160 |
| Former Resident Refund Claimant # 1002393 | Harrison & Held c/o John Heaphy 333 West Wacker Drive Chicago, IL 60606 Telephone: 312-332-1111 Facsimile: 312-332-1150 | Refund Claim | | $108,333 |
| Former Resident Refund Claimant # 1002562 | Address Withheld | Refund Claim | | $107,750 |
| Former Resident Refund Claimant # 1002567 | Address Withheld | Refund Claim | | $107,250 |
| UnitedHealthcare 233 N. Michigan Avenue Suite 900 Chicago, IL 60601 | UnitedHealthcare 233 N. Michigan Avenue Suite 900 Chicago, IL 60601 Telephone: 312-424-4625 Facsimile: 888-311-4599 | Trade Debt | | $106,706 |
| Former Resident Refund Claimant # 1002548 | Address Withheld | Refund Claim | | $102,000 |

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION**

    I, the Chief Implementation Officer of the corporations named as debtor in this case, declare under penalty of perjury that I have read the foregoing CONSOLIDATED LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS and that it is true and correct to the best of my information and belief.

Date: February 4, 2011        Signature:    /s/ James E. Nugent
                                                      James E. Nugent
                                                      Chief Implementation Officer
                                                      Fairview Ministries, Inc.
                                                      VibrantLiving Communities & Services
                                                      Fairview Village
                                                      Fairview Baptist Home, d/b/a Fairview
                                                         Center for Health & Wellness
                                                      Fairview Residence Of Rockford,
                                                         d/b/a Crimson Pointe